UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| R.W. and O.W., minors, individually, by and through their Parent, Andrea Robinson, | Court File No. 22-cv-00153 (NEB/LIB) |
| Plaintiffs, | |
| v. | |
| ROCORI School District, | |
| Defendant. | |

---

**DEFENDANT'S ANSWER TO COMPLAINT**

---

Defendant ROCORI Public Schools ("Defendant"), for its Answer to Plaintiffs' Complaint, states and alleges as follows:

1. Denies each and every allegation, matter, and thing contained in said Complaint, except as hereinafter admitted, qualified, or otherwise answered.

2. Specifically denies all allegations of any violation of law or any rights of Plaintiffs granted to them by state, federal, or common law.

3. With respect to Paragraphs 1, 2, and 15, states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in said Paragraphs, and therefore denies the same and puts Plaintiffs to strict proof thereof.

4. With respect to Paragraph 3, admits that Defendant is a public school district in the State of Minnesota, that it is a municipality and a political subdivision, and that it receives both federal and state funding, and states that the remaining allegations

contained in said Paragraphs constitute allegations of law, states that the law speaks for itself and is not necessarily as stated or characterized by the Plaintiffs or are not amenable to responsive pleading.

5. With respect to Paragraphs 4, 5, 43, and all other Paragraphs in the Complaint which constitute or contain allegations of law, states that the law speaks for itself and is not necessarily as stated or characterized by the Plaintiffs or are not amenable to responsive pleadings.

6. With respect to Paragraph 6, states that the Complaint speaks for itself, states that to the extent the allegations contained in said Paragraph constitute allegations of law, states that the law speaks for itself and is not necessarily as stated or characterized by the Plaintiffs or are not amenable to responsive pleading, and to the extent that a response is required, denies the same, and denies the remainder.

7. With respect to Paragraph 7, admits that ROCORI Middle School currently enrolls students in grades six through eight and that ROCORI High School enrolls students in grades nine through 12, and denies the remainder.

8. Specifically denies Paragraphs 8, 9, 10, 11, 22, 29, 30, 66, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, and 82.

9. Admits Paragraphs 12 and 31.

10. With respect to Paragraphs 13, 17, 20, and 51, states that said Paragraphs violate Federal Rule of Civil Procedure 10(b), states that the Court should strike said Paragraphs from the Complaint pursuant to Federal Rule of Civil Procedure 12(f), and

denies all the allegations in all said Paragraphs unless otherwise specifically admitted herein.

11. With respect to Paragraph 13, further denies that any employee of Defendant was aware of and failed to respond to the use of racial slurs, racial discrimination or harassment, or racial bullying, states that to the extent the allegations contained in said Paragraph constitute allegations of law, states that the law speaks for itself and is not necessarily as stated or characterized by the Plaintiffs or are not amenable to responsive pleading, and states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of said Paragraph, and therefore denies the same and puts Plaintiffs to strict proof thereof.

12. With respect to Paragraph 14, admits that Robinson and Marsha Gilbertson corresponded via e-mail on January 22, 2016, denies that any of said e-mails asserted that racial slurs were directed at R.W., states that said e-mails speak for themselves, do not necessarily say what Plaintiffs allege they do, and do not necessarily mean what Plaintiffs allege they mean, and denies the remainder.

13. With respect to Paragraph 16, admits that Robinson and Gilbertson corresponded via e-mail, states that said e-mails speak for themselves, do not necessarily say what Plaintiffs allege they do, and do not necessarily mean what Plaintiffs allege they mean, specifically denies that Gilbertson failed to take appropriate action in responding to any allegations of bullying, states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding R.W.'s interactions

on the bus or feelings toward riding the bus and therefore denies the same and puts Plaintiffs to strict proof thereof, and denies the remainder.

14. With respect to Paragraph 17, further specifically denies that R.W. was given detention in January or February 2016, specifically denies that Defendant has ever refused to address allegations of student misconduct because the behavior took place on a school bus, and denies the remainder.

15. With respect to Paragraph 18, admits that another student's parent contacted the principal in February 2016 regarding R.W.'s threats to kill that student and his family, specifically denies that Defendant has ever refused to address allegations of student misconduct because the behavior took place on a school bus, specifically denies that Defendant prohibited R.W. from riding the bus for the remainder of the 2015-2016 school year, and affirmatively states that a meeting between parents can only occur if both sets of parents agree, denies the characterization of events in said Paragraph, and denies the remainder.

16. With respect to Paragraphs 19, 39, 46, 47, 55, 56, 68, and all other Paragraphs which consist of or contain allegations not directed at Defendant, states that allegations which are not directed at Defendant do not require responsive pleading, and, to the extent that responsive pleading is required, denies the same.

17. With respect to Paragraph 20, further admits that R.W. was suspended for three days during the 2017-2018 school year for repeatedly punching another student in the face, admits that R.W. gave his cell phone to a friend for the purpose of having the friend record R.W. repeatedly punching the other student in the face, admits that

4

Assistant Principal Jake Nelson spoke with R.W. following the incident, specifically states that the suspension notice speaks for itself and does not necessarily state what Plaintiff says it does, and therefore puts Plaintiff to strict proof thereof, and denies the remainder.

18.   With respect to Paragraph 21, admits that both Robinson and the parents of the student R.W. punched repeatedly while his friend recorded the assault, consented to meet, reasserts that meetings of parents of unrelated students are voluntary and only take place if both students' parents consent, denies Plaintiffs' characterization of the meeting, and states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said Paragraph, and therefore denies the same and puts Plaintiffs to strict proof thereof.

19.   With respect to Paragraph 23, admits that eighth-grade students went on a field trip to Valley Fair on the last day of the school year, denies that any employee or agent of Defendant was aware of and failed to intervene in any "verbal attack," and states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said Paragraph, and therefore denies the same.

20.   With respect to Paragraphs 24 and 25, admits that R.W. enrolled as a student at a school outside of Defendant during the 2018-2019 school year, admits that R.W. did re-enroll as a student at Defendant's high school during the 2019-2020 school year and states that the remaining allegations in said Paragraphs are not directed at Defendant and not amenable to responsive pleading and to the extent that a responsive pleading is required denies the same.

21. With respect to Paragraph 26, admits that R.W. was repeatedly tardy to multiple classes during the 2019-2020 school year, states that R.W.'s education records and transcript speak for themselves, and states that the remaining allegations in said Paragraphs are not directed at Defendant and not amenable to responsive pleading and to the extent that a responsive pleading is required denies the same.

22. With respect to Paragraphs 27 and 28, states that the allegations in said Paragraphs are not directed at Defendant and are not amenable to responsive pleading, and, to the extent that responsive pleading is required, denies the same, states that to the extent the allegations contained in said Paragraphs constitute allegations of law, states that the law speaks for itself and is not necessarily as stated or characterized by the Plaintiffs or are not amenable to responsive pleading, and denies the remainder.

23. With respect to Paragraph 32, admits that O.W. did not enroll as a student at Defendant's schools for the 2021-2022 school year, and denies the remainder.

24. With respect to Paragraph 33, specifically denies that any employee of Defendant witnessed O.W. being called a racial slur and failed to respond or intervene, and states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said Paragraph, and therefore denies the same.

25. With respect to Paragraph 34, states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in said Paragraphs relating to O.W.'s "body type" or students allegedly referring to O.W. as a "dinosaur," and therefore denies the same and puts Plaintiffs to strict proof thereof, to the extend the

6

allegations set forth in said Paragraph constitute or contain allegations of law, states that the law speaks for itself and is not necessarily as stated or characterized by the Plaintiffs or are not amenable to responsive pleadings, and denies the remainder.

26. With respect to Paragraph 35, admits that Robinson sent an e-mail to Nelson asking him to call O.W. down to the office, states that said e-mail speaks for itself, does not necessarily say what Plaintiffs allege it says, does not necessarily mean what Plaintiff says it means, and puts Plaintiffs to strict proof thereof, admits that O.W. reported that one or more student(s), who she refused to identify, had spread or were spreading a rumor about O.W., denies Plaintiffs' characterization of the meeting, and denies the remainder.

27. With respect to Paragraph 36, further admits that Defendant offered instruction in a hybrid model in the Fall of 2020 due to the COVID-19 pandemic, specifically denies that it failed to provide O.W. with accommodations or an equitable education, specifically denies that it failed to address any known racial bullying, and states that remainder of said Paragraph is not directed at Defendant and is not amenable to responsive pleading, and, to the extent that responsive pleading is required, denies the same, and denies the remainder.

28. With respect to Paragraph 37, admits that Robinson requested that O.W. be switched to distance learning at sometime during the 2020-2021 school year, specifically denies the allegation that Robinson asserted that this request was due to alleged racial bullying or any other reason, and denies the remainder.

29. With respect to Paragraph 38, admits that a former employee of Defendant sent an e-mail to Defendant's School Board and Superintendent Kelvington on September 29, 2020, states that the e-mail speaks for itself, does not necessarily say what Plaintiffs allege it does, and does not necessarily mean what Plaintiffs allege it means, and denies the remainder.

30. With respect to Paragraph 40, admits that on or about December 3, 2020, Robinson, R.W., and O.W. sent and received messages via Snapchat in a group that included more than one other individual, admits that comments were made by individuals other than Robinson or Plaintiffs in that Snapchat group that included racial slurs and references to ropes and lynching, admits that Robinson posted screenshots of some of the messages sent in this group on Facebook, specifically denies, upon information and belief, that Robinson attempted to deescalate or disengage the discussion in said Snapchat group, affirmatively states that the communications in this Snapchat group did not take place during school hours, on Defendant's property, or using devices or instrumentalities provided by Defendant, and denies the remainder.

31. With respect to Paragraph 41, affirmatively states that on December 4, 2020, then-Assistant Principal Guetter reported the threats of violence and lynching in the Snapchat screenshots that Robinson had posted on Facebook to ROCORI High School's School Resource Officer who was also a member of the Cold Spring Police Department, and states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said Paragraph, and therefore denies the same.

32. With respect to Paragraphs 42 and 44, admits that then-Assistant Principal Guetter and Robinson met on or about December 4, 2020, admits that they had a conversation regarding the importance of a safe learning environment, admits that they discussed the parameters of Defendant's ability to respond to off-campus statements made by students and non-students outside of school hours, and denies the remainder of the allegations in said Paragraphs.

33. With respect to Paragraph 45, admits that the student referenced in said Paragraph is a student enrolled at Defendant, states that the statements sent from this student's Snapchat account in the Snapchat group chat speak for themselves, do not necessarily state what Plaintiffs say they do or mean what Plaintiffs say they mean, and that allegations regarding what the student wrote in a Snapchat message outside of school are not directed at Defendant and not amenable to responsive pleading. To the extent that responsive pleading is required, Defendant denies the remainder.

34. With respect to Paragraphs 48 and 50, admits that O.W. struggled academically during the 2020-2021 school year, admits that conversations regarding O.W.'s academic struggles occurred between Robinson and the high school guidance counselor, specifically denies the allegations that Robinson referenced alleged racial bullying, specifically denies the allegation that Defendant refused to intervene in any alleged bullying, states that the referenced e-mail speaks for itself, does not necessarily say what Plaintiffs allege it says, does not necessarily mean what Plaintiff says it means, and puts Plaintiffs to strict proof thereof, and denies the remainder.

9

35. With respect to Paragraph 49, admits that in January 2021 Defendant began making arrangements to resume offering in-person instruction, denies that high school students were able to return to full-time in-person learning on January 11, 2021, states that students who wished to continue to receive distance learning instruction were permitted to do so, states that students who wished to return from distance to in-person learning were generally only permitted to do so at trimester breaks, and denies the remainder.

36. With respect to Paragraph 51, admits that Robinson met with Superintendent Kelvington on March 30, 2021, states that Robinson met with Kelvington to express her support for an employee of Defendant, admit that Robinson discussed O.W. and the December 2020 Snapchat incident, specifically denies Plaintiffs' characterization of Robinson's conversation with Kelvington, and denies the remainder.

37. With respect to Paragraph 52, admits that a meeting took place between Superintendent Kelvington and a staff member on March 30, 2021, specifically denies that Robinson was present for said meeting, specifically denies that the staff member in question told Superintendent Kelvington that the staff member was being or had been discriminated against, and denies the remainder.

38. With respect to Paragraph 53 admits students receive ROCORI Proud Awards on an annual basis, admits that the student referenced in said Paragraph was initially given this Award during the 2020-2021 school year until it was rescinded by Defendant days later, states that the ROCORI Proud Award speaks for itself, states that the April 26, 2021 School Board meeting was recorded and that the recording speaks for

itself, denies that the School Board was aware of the December 2020 Snapchat incident at the time that it voted to give the Award to the student, and denies the remainder of the allegations in said Paragraph.

39. With respect to Paragraph 54, admits that Kelvington was present at the April 26, 2021 school board meeting, admits that Kelvington did not publicly disclose private student data during said meeting, and denies the remainder.

40. With respect to Paragraph 57, admits that Kelvington contacted Robinson at the telephone number listed in Defendant's student information system, admits that he apologized for any pain that the ROCORI Proud Award issue had caused Robinson's family, admits that the District removed the announcement regarding the ROCORI Proud Award from its website, denies that the student at issue was permitted to keep the Award, specifically denies Plaintiffs' characterization of the telephone call, and denies the remainder.

41. With respect to Paragraph 58, admits that Defendant removed the announcement that the student had won the ROCORI Proud Award from Defendant's website and denies the remainder.

42. With respect to Paragraph 59, admits that Superintendent Kelvington sent an e-mail to ROCORI families on May 5, 2021, states that said e-mail speaks for itself, denies that the e-mail did not mention racism or racial bullying, states that the remainder of the e-mail likewise does not say what Plaintiffs allege it does or mean what Plaintiffs allege it means, affirmatively further states that the ROCORI Vision 2025 graphic referenced in said e-mail specifically addresses inclusion, and equity, and denies the

remainder. Affirmatively states that Paragraph 59 should be stricken pursuant to Rule 12(f), since it contains an objectively and demonstrably false statement regarding Superintendent Kelvington's May 5, 2021 e-mail.

43. With respect to Paragraph 60, specifically denies that Superintendent Kelvington intimidated any teacher or told any teacher that she was "the face of it" because that teacher reported the December 2020 Snapchat incident to Guetter, and states that the remainder of the allegations in said Paragraph are not directed at Plaintiff, are not amenable to responsive pleading, and to the extent that responsive pleading is required denies the same.

44. With respect to Paragraphs 61 and 62, specifically denies that either R.W. or O.W. was enrolled in Mr. Captain's class in May of 2021 or that either Plaintiff was present in Captain's classroom on the dates in question, denies that Mr. Captain failed to act in response to any alleged racist comments or bullying, admits that there was a slide added to a shared Google Drive that contained a picture of the Confederate flag, affirmatively states that Defendant immediately conducted a full investigation, identified the student responsible, and imposed prompt, appropriate, and effective remedial action for that conduct, and states that the remainder of the allegations in said Paragraphs are not directed at Defendant and are not amenable to responsive pleading, and to the extent that responsive pleading is required denies the same.

45. With Respect to Paragraphs 63 and 65, admits that it was not able to offer online summer school instruction during the summer of 2021, admits that Robinson and a guidance counselor exchanged e-mail correspondence, states that said e-mail

correspondence speaks for itself, does not necessarily say what Plaintiffs allege it does, and does not necessarily mean what Plaintiffs allege it means, and therefore denies the same, and denies the remainder.

46. With respect to Paragraph 64, admits that Robinson spoke at a School Board meeting on May 24, 2021, stated that the meeting is recorded, and that the recording speaks for itself and does not necessarily state what Plaintiffs say it does, and therefore denies the same and puts Plaintiffs to strict proof thereof.

47. With respect to Paragraph 67, admits that Robinson engaged in e-mail correspondence with Defendant regarding pass/fail grading options, states that said e-mails speak for themselves, do not necessarily say what Plaintiffs allege they do, and do not necessarily mean what Plaintiffs allege they mean, and therefore denies the same and puts Plaintiffs to strict proof thereof, and denies the remainder.

48. With respect to Paragraph 69, admits that Plaintiff O.W. disenrolled from Defendant in September 2021, states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the reason for O.W.'s decision to withdraw from Defendant's schools, where she is currently enrolled, or what her transportation needs are, and therefore denies the same and puts Plaintiffs to strict proof thereof, and denies the remainder.

49. With respect to Paragraphs 70 and 76, states that such Paragraphs are not amenable to responsive pleading and to the extent that a response is required, denies the same.

50. States that all headings contained in the Complaint are not amenable to responsive pleading and to the extent a response is required, denies the same.

51. With respect to Plaintiffs' request for relief, states that the request for relief is not amenable to responsive pleading, and to the extent a response is required, denies that Plaintiff is entitled to any relief.

52. With respect to Plaintiffs' Jury Demand, states that the Jury Demand is not amenable to responsive pleading, and to the extent a response is required, denies the same.

## **AFFIRMATIVE DEFENSES**

1. Affirmatively states that some or all of the Complaint fails to state a claim upon which relief can be granted.

2. Affirmatively states that the Court lacks jurisdiction, whether subject matter or personal, over some or all of the claims in this case.

3. Affirmatively states that this case is or may be barred, in whole or in part, by insufficiency of service of process.

4. Affirmatively states that Plaintiffs' claims may be barred, in whole or in part, by applicable statutes or periods of limitations and/or their failure to exhaust administrative remedies.

5. Affirmatively states that none of the attorneys who signed the Complaint were licensed or authorized to file pleadings before this Court at the time the Complaint was filed.

6. Affirmatively states that Defendant and its agents acting within the course and scope of their employment, at all times relevant to this action, acted in good faith and in full compliance with the applicable laws.

7. Affirmatively states that if Plaintiffs suffered any harm, injury, or other detriment, some or all of such harm, injury, or detriment was not caused by Defendant.

8. Affirmatively states that some or all of the claims set forth in the Complaint are or may be barred by immunity, whether created by common law, statutory, Minnesota Chapter 466, or otherwise, and whether set forth as absolute, qualified, conditional, official, good faith, or other type of immunity or privilege.

9. Affirmatively states that Defendant's acts or omissions, if any, were not the cause of the losses alleged in the Complaint, and Plaintiffs' damages, if any, were caused by intervening and superseding causes and/or third parties for which Defendant had no control or right of control, and for whom Defendant is not responsible or legally liable.

10. Affirmatively states that Plaintiffs have failed to mitigate their damages, if any.

11. Defendant hereby gives notice that it intends to rely upon any such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

WHEREFORE, the Defendant prays that Plaintiffs take nothing against Defendant by their pretended causes of action, that the same be dismissed with prejudice, and that Defendant recover judgment for its costs, disbursements, and whatever relief the Court deems just and equitable.

                                            **RATWIK, ROSZAK & MALONEY, P.A.**

Dated: February 21, 2022        By: /s/ Timothy A. Sullivan
                                                  Timothy A. Sullivan (#391526)
                                                  Frank E. Langan (#399106)
                                                  444 Cedar Street, Suite 2100
                                                  Saint Paul, MN 55101
                                                  (612) 339-0060
                                                  tas@ratwiklaw.com
                                                  fel@ratwiklaw.com

                                                  **ATTORNEYS FOR DEFENDANT**
                                                  **ROCORI PUBLIC SCHOOLS**

RRM:    445179